UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY MUHAMMAD, | ) | CASE NO. 5:10cv1771 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DON JOHNSON, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff *pro se* Jerry Muhammad filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Don Johnson ("Johnson"), apparently an Aurora, Ohio Police Officer, and the City of Aurora Parks and Recreation Division.[1] He alleges that he paid $50.00 for a permit to sell ice cream at the park during an Independence Day Festival. Plaintiff received a letter from the Defendant indicating he was accepted and was given a specific location to sell the ice cream. At 6:00 p.m., Defendant Johnson approached him, said he needed a permit and told him to leave. When he called the police department, the chief told him that the law had changed and a permit was required. Plaintiff believes the action taken against him was because he was the only black vendor.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) *(citing Hagans v. Lavine*, 415

---

[1] Don Johnson's position with the City is not identified.

U.S. 528, 536-37 (1974)). Under Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E.D. Mich. 2006) (*quoting Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claims asserted in this action satisfy these criteria in part.

A city parks and recreation department is a city agency. Governmental divisions and departments are not suable entities. *See Farris v. Shelby County,* 2006 WL 1049320, No. 05-2263, at *1 n.2 (W.D. Tenn. April 20, 2006). Therefore, the claim against the City of Aurora Parks and Recreation Division is dismissed.

Moreover, a municipality cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one or more of its police officers. The doctrine of *respondeat superior* does not apply to governmental entities. *Bd. of Cnty. Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir.1993) (*quoting Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir.1987), *overruled on other grounds by Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir.2001)). The policy or custom must be "the moving force" of the constitutional violation in order to establish the liability of a government body under § 1983. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989). Plaintiff has not identified any policy or custom by the

City of evicting black individual vendors from City parks after allowing them to enter.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.1995); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir.1993); *Johnson v. Turner,* 855 F.Supp. 228, 231 (W.D. Tenn.1994). Although it is preferable that plaintiff explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. *Ford v. Brock*, 2008 WL 1774996, No. 1:08cv11, at * 4 (E.D. Tenn. Apr. 15, 2008).

Plaintiff alleges that Johnson evicted him from the park because he was the only black vendor. According to the Complaint and attached exhibits, it appears that Plaintiff had permission to sell ice cream. Whether he needed a permit is an issue to be determined. From the facts alleged, Johnson could have notice that he is being sued in his individual capacity.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). The City of Aurora Parks and Recreation is dismissed as a party defendant. As to defendant Johnson, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon defendant Johnson.

**IT IS SO ORDERED**.

Dated: September 23, 2010

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**